**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION**

CESAR-ALEJANDRO MARAVILLA-HERNANDEZ,

Petitioner,

v.

FERENTI SEMAIA, et al.,

Respondents.

Case No. EDCV 26-6368-AS

**MEMORANDUM DECISION AND ORDER**

## INTRODUCTION

On October 27, 2026, Cesar-Alejandro Maravilla-Hernandez (A# 214-147-117) ("Petitioner"), an immigration detainee in the custody of United States Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center in Adelanto, California, who is represented by counsel, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") seeking release on the grounds that his detention since October 4, 2026, violates due process. (Dkt. No. 1). On November 4, 2026, Respondents filed an Answer to the Petition, arguing that Petitioner is lawfully detained under 8

U.S.C. § 1226(a) and is therefore entitled to a bond hearing, but not immediate release. (Dkt. No. 8). Petitioner filed a Reply on November 5, 2026. (Dkt. No. 9).

For the reasons stated below, the Petition is GRANTED to the extent that Respondents are enjoined from continuing to detain Petitioner unless he is provided an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations.[1]

**BACKGROUND**

Petitioner is a Mexican citizen who entered the United States without inspection in 2004, when he was about fourteen years old. (Petition ¶¶ 2, 14; Reply at 2). He has been living since then in Ventura County, California. (Petition ¶¶ 2, 14). Petitioner allegedly has been gainfully employed "since he became old enough" to do so. (Id. ¶ 15). He works hard to support his mother and be an active part of her life and that of his siblings. (Id.). In 2016, he applied for temporary protected status and for employment authorization, but both applications were denied. (Answer Ex. A at 3).

On October 20, 2018, he was arrested by officers of the Ventura County Sheriff's Department and the Ventura Police Department for driving under the influence ("DUI"), and he was subsequently

[1] The parties have consented to proceed before the undersigned United States Magistrate Judge. (See Dkt. Nos. 3-6).

convicted in Ventura County Superior Court under California Vehicle Code section 23152(b) and sentenced to four days in jail and thirty-six months of probation. (Answer Ex. A at 3).

On October 18, 2021, he applied to adjust his status through his sibling, and the application remains pending with U.S. Citizenship and Immigration Services ("USCIS"). (Answer Ex. A at 3; Petition ¶ 3; Reply at 2).

On October 3, 2026, Petitioner was arrested by the California Department of Parks and Recreation Police Department for driving under the influence and was booked into the Ventura County jail. (Answer Ex. A at 2-3). The charges are apparently still pending. (See id.). Upon his release on the morning of October 4, he was arrested outside the jail by ICE officers. (Answer Ex. A at 2-3; Petition ¶ 4). Later that day, he was served with an administrative warrant and a Notice to Appear charging him with removability as a noncitizen present without admission or parole, under section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i). (Answer Exs. B-C).

**DISCUSSION**

Petitioner's detention is governed by 8 U.S.C. § 1226(a), under which the government may arrest and detain noncitizens "pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a); see Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that

noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"); Prieto-Romero v. Clark, 534 F.3d 1053, 1062 (9th Cir. 2008) ("Section 1226(a) on its face authorizes the detention of [noncitizens] during the removal order review process."). Detention under § 1226(a) is "discretionary" and "provides for release on bond or conditional parole." Avilez v. Garland, 69 F.4th 525, 530 (9th Cir. 2023).

Accordingly, Petitioner merits an order requiring the government to provide him a prompt bond hearing before an immigration judge pursuant to § 1226(a) and all applicable regulations. To the extent that Petitioner instead seeks immediate release, the present record does not support such relief here.

Petitioner contends that he is entitled to immediate release because he was deprived of notice and a hearing prior to being detained. (See Petition at 6-12, 29; Reply at 7-9). Petitioner argues that he had a substantial due process liberty interest which entitled him to these procedures because the government had refrained from detaining him for several years while his applications for relief were pending before USCIS. (See id.); see also Zhou v. Janec[k]a, 2026 WL 2365550, at *5 (C.D. Cal. Aug. 14, 2026) ("Courts have found a substantial liberty interest in circumstances where noncitizens commenced immigration proceedings, and the government chose not to detain them."); Abdeltawab v. Armant, 2026 WL 1045564, at *2 (C.D. Cal. Apr. 13, 2026) ("Th[e] principle [that a noncitizen has a protected liberty interest in

remaining out of custody] extends to those like Petitioner who have never been in immigration custody in the first place due to years of deliberate acquiescence by Respondents.”).

However, as indicated above, ICE officers arrested Petitioner on October 4, 2026, upon his release from Ventura County Jail where he had been held following his DUI arrest the previous day. Petitioner’s arrest and pending DUI charges, along with his lack of legal status, adequately justified the decision to detain him under 8 U.S.C. § 1226(a), at least initially. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1208 (9th Cir. 2022) (detention serves government’s strong interests in “preventing [noncitizens] from ‘remain[ing] in the United States in violation of our law’” and in “‘protecting the public from dangerous criminal [noncitizens]’” (quoting Demore v. Kim, 538 U.S. 510, 515, 528 (2003)); Padilla v. U.S. Immigr. & Customs Enf’t, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (“Due process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk.” (citing Zadvydas v. Davis, 533 U.S. 678, 690-91 (2001))); see also Marmolejo-Campos v. Holder, 558 F.3d 903, 913 (9th Cir. 2009) (“[T]he dangers of drunk driving are well established . . . .”); United States v. DeSantiago-Gonzalez, 207 F.3d 261, 264 (5th Cir. 2000) (“[T]he very nature of the crime of [DUI] presents a ‘serious risk of physical injury’ to others . . . .”). Beyond that, in these circumstances, a post-deprivation bond hearing before an immigration judge provides the proper forum to address whether Petitioner’s ongoing detention is justified under § 1226(a).

Additionally, Petitioner does not merit release based on his claim that his warrantless arrest violated the INA and applicable regulations. (See Petition at 12-13; Reply at 4-6). The remedy for unlawful arrest generally is the suppression of evidence obtained therefrom, not release from custody. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1040-41 (1984); United States v. Garcia-Beltran, 443 F.3d 1126, 1131-32 (9th Cir. 2006); see also Martinez-Medina v. Holder, 673 F.3d 1029, 1033-34 (9th Cir. 2011) (exclusionary rule applies in civil removal proceedings only when the Fourth Amendment violation is egregious). "The 'body' or identity of a defendant or respondent in a criminal or civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." Lopez-Mendoza, 468 U.S. at 1039; see also Stone v. Powell, 428 U.S. 465, 485 (1976) (noting that "judicial proceedings need not abate when the defendant's person is unconstitutionally seized" (citing Gerstein v. Pugh, 420 U.S. 103, 119 (1975); Frisbie v. Collins, 342 U.S. 519 (1952))); Garcia-Beltran, 443 F.3d at 1132 ("[T]here is no sanction to be applied when an illegal arrest only leads to discovery of the man's identity." (quotation omitted)).[2] Petitioner's unlawful-arrest claim therefore does not entitle him

---

[2] "Irregularities on the part of the government official prior to, or in connection with, the arrest would not necessarily invalidate later proceedings in all respects conformable to law. 'A writ of habeas corpus is not like an action to recover damages for an unlawful arrest or commitment, but its object is to ascertain whether the prisoner can lawfully be detained in custody; and if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment.'" U.S. ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (citations omitted).

to release from custody. See, e.g., Hernandez v. Facility Administrator, 2026 WL 2525600, at *2-3 (C.D. Cal. Aug. 26, 2026) (although it appeared that immigration detainee's arrest violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii), he was not entitled to habeas relief on the claim because "[t]he remedy for an unlawful arrest is typically not the dismissal of a proceeding and not release by way of habeas corpus petition" (citing Lopez-Mendoza, 468 U.S. at 1043; Streeter v. Craven, 418 F.2d 273, 274 (9th Cir. 1969) (per curiam))); Suraj v. Bondi, 2026 WL 507682, at *2 (W.D. Wash. Feb. 24, 2026) ("Suraj's account of his arrest . . . suggests that the ICE agents involved in his apprehension lacked probable cause to detain him and may have violated the law. However, even if his arrest was unlawful, it would not provide a basis for release from custody." (citation omitted)).

**ORDER**

Accordingly, the Court GRANTS IN PART AND DENIES IN PART the Petition (Dkt. No. 1) as follows: (1) the Court GRANTS the Petition to the extent that Respondents are enjoined from continuing to detain Petitioner Cesar-Alejandro Maravilla-Hernandez (A# 214-147-117) unless within seven (7) days he is provided a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and all applicable regulations; and (2) otherwise, the Court DENIES the Petition. Respondents are further ORDERED to file a status report within eight (8) days advising the Court as to whether Petitioner

has received a bond hearing, the outcome of the bond hearing, and Respondents' compliance with the Court's Order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: November 17, 2026

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE